IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUKE COMBS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　Defendants. | Case No. 23-cv-14485<br><br>**Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Sheila M. Finnegan** |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff Luke Combs ("Combs" or "Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Combs' Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Combs has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Combs' federally registered trademarks, which are covered by U.S. Trademark Registration Nos.

1

5,417,705; 5,573,127; and 5,573,124 (the "Luke Combs Trademarks") to residents of Illinois. In this case, Combs has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using counterfeit versions of the Luke Combs Trademarks. *See* Docket No. [14], which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Luke Combs Trademarks.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Combs has presented specific facts in the Declaration of Christopher T. Kappy in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the Luke Combs Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Combs product or not authorized by Combs to be sold in connection with the Luke Combs Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Combs product or any other product produced by Combs, that is not Combs' or not produced under the authorization, control, or supervision of Combs and approved by Combs for sale under the Luke Combs Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Combs, or are sponsored by, approved by, or otherwise connected with Combs; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Combs, nor authorized by Combs to be sold or offered for sale, and which bear any of Combs' trademarks, including the Luke Combs Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) the identity and location, including contact information, their true name and physical address, and all associated e-mail addresses, of Defendant; (b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Stores of Defendants, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history; and (c) the steps taken by Defendants to comply with paragraphs 1, (a)-(d) above.

3. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

4. Combs is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Payments, Inc. ("Amazon"), Walmart, Inc. ("Walmart"), ContextLogic Inc. d/b/a Wish.com ("WISH"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Combs' request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon, Walmart, and WISH (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Combs expedited discovery,

limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, WISH, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Combs' request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Luke Combs Trademarks.

7. Any Third Party Providers, including Amazon, Walmart, and WISH, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher T. Kappy, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

8. Combs may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher T. Kappy and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Private bespoke shop and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Combs must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

10. Combs' Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Christopher T. Kappy [14], and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Combs shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered at 9:45 A.M. on this 12h day of October 2023 and shall remain in effect for fourteen (14) calendar days.

_____
Elaine E. Bucklo
United States District Judge

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | Private bespoke shop |
| 2 | Thanhchung Shop |
| 3 | HuongBT Shop |
| 4 | yunnanluobidianzishangwuyouxiangongsi |
| 5 | hefeixiongyushangmaoyouxiangong |
| 6 | QiangYuanBai |
| 7 | ZIFOTA |
| 8 | qq33333 |
| 9 | JnYn |
| 10 | BEST PURCHASE STORE |
| 11 | foshanshixingyoufeikejiyouxiangongsi |
| 12 | FSSFIRST |
| 13 | Nguyen Thi Lien 1 |
| 14 | PHAMDUYENVBHP |
| 15 | chengduxiaoyuchangshangmaoyouxiangongsi |
| 16 | HoneyCombb |
| 17 | Ngochung Shop |
| 18 | xuweiDF51263 |
| 19 | ruiyoule shop |
| 20 | DucThinhShop |
| 21 | VuongStore1 |
| 22 | LAKELAI |
| 23 | MEHMET ALI COKYIGIT |
| 24 | chanchengqudimaoshangmaoyouxiangongsi |
| 25 | Zaza Breeze Designs |
| 26 | TCHENG |
| 27 | AP Graphics and Designs |
| 28 | Nicolioli's |
| 29 | LEGOTOYJ |
| 30 | Superclothes1 |
| 31 | AQIU ART SHOP |
| 32 | guangzhoushenenkejigongzuoshi |
| 33 | HStoreus |
| 34 | FuYangShiDongChenShangWangLuoKeJiYouXianGongSi |
| 35 | DuChangXianLeiNa |
| 36 | Scottie Sells |
| 37 | lanxuanmaoyi |

| 38 | Qimee |
|----|-------|
| 39 | Home Full |
| 40 | DGTYTRUI |
| 41 | Time to deal |
| 42 | Farabica creative |
| 43 | Beexstore |
| 44 | marlberon |
| 45 | misterwoorin |